# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

EAST WEST MANUFACTURING HOLDING CORP.
VEXOS, INC., STACI LTD., and CONTROLTEK, INC.

*Plaintiffs,*

v.

UNITED STATES, U.S. CUSTOMS AND BORDER PROTECTION, and RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection,

*Defendant,*

Court No.: 26-05029

## COMPLAINT

Plaintiffs, East West Holding Corporation, Vexos Inc., STACI Ltd, and ControlTek, Inc. ("Plaintiffs"), by their undersigned attorneys, allege the following:

1. Plaintiffs are importers and challenge the assessment of certain duties upon their imported merchandise.

2. Beginning in February 2025, through a series of executive orders, President Trump invoked the International Emergency Economic Powers Act ("IEEPA") as authority to impose tariffs ("IEEPA duties") on goods imported from nearly every foreign country, including countries from which Plaintiffs source their imports.

3. Plaintiffs are the importers of record of merchandise subject to IEEPA duties and were responsible for paying IEEPA duties on their imported goods.

4. On February 20, 2026, the Supreme Court of the United States ("Supreme Court")

held that IEEPA duties were contrary to law, reasoning that "IEEPA does not authorize the President to impose tariffs." *Learning Resources, Inc. v. Trump*, No. 24-1287, slip op. at 20 (U.S. Feb. 20, 2026) (affirming *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025)).

5. The Supreme Court also confirmed that challenges to IEEPA duties fall "within the exclusive jurisdiction of" the United States Court of International Trade. *Id.* at 5. Thus, this Court has jurisdiction and authority to order remedial relief and refunds of IEEPA duties paid by importers.

6. Plaintiffs seek a full refund from Defendants of all IEEPA duties that Plaintiffs have paid to the United States, with interest as required by law.

7. This action is necessary because, notwithstanding the fact that the Supreme Court has held that IEEPA duties and the underlying executive orders are unlawful, this court has not made finally clear, whether and on what precise legal basis importers, including Plaintiffs, that have paid IEEPA duties, will be guaranteed a refund for those unlawfully collected IEEPA duties in the absence of their own judgment from this Court.

**PARTIES**

8. Plaintiffs are importers of various goods on which IEEPA duties were paid.

9. Defendant United States received the disputed IEEPA duties and is the statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i).

10. Defendant United States Customs and Border Protection ("CBP") is the United States agency that collects duties on imports. CBP collected payments made by Plaintiffs for IEEPA duties.

11. Defendant Rodney S. Scott is the Commissioner of CBP and is sued in his official capacity.

12. Defendants are referred to collectively in this complaint as "Defendants."

## JURISDICTION AND STANDING

13. The Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1581(i). *See Learning Resources*, slip op. at 5, n.1.

14. The Court has the same powers at law and in equity as a United States district court. 28 U.S.C. § 1585. In a civil action under 28 U.S.C. § 1581, the Court can enter a money judgment against the United States and can order any other appropriate civil relief, including declaratory judgments, injunctions, orders of remand, and writs of mandamus or prohibition. 28 U.S.C. §§ 2643(a)(1), (c)(1).

15. Plaintiffs have standing to sue because they are "adversely affected or aggrieved by agency action" within the meaning of the APA. 5 U.S.C. § 702; 28 U.S.C. § 2631(i). IEEPA duties imposed by Defendants adversely affected and aggrieved Plaintiffs because, as the importers of record, they were required to pay and did pay these unlawful duties.

## GENERAL PLEADINGS

### I. The IEEPA Tariff Orders

16. On February 1, 2025, the President issued three executive orders imposing tariffs on imports from Canada, Mexico, and China.[1] Each executive order was premised on IEEPA authorizing the tariffs. Collectively, these are referred to in this Complaint as the "Trafficking Tariff Orders." Pursuant to these orders, CBP assessed additional IEEPA duty upon Plaintiffs' entries.

---

[1] Exec. Order No. 14194, *Imposing Duties To Address the Situation at Our Southern Border*, 90 Fed. Reg. 9,117 (Feb. 7, 2025); Exec. Order No. 14193, *Imposing Duties To Address the Flow of Illicit Drugs Across Our Northern Border*, 90 Fed. Reg. 9,113 (Feb. 7, 2025); Exec. Order No. 14195, *Imposing Duties To Address the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9,121 (Feb. 7, 2025).

17. The President subsequently modified the China Trafficking Tariff Order.[2]

18. On April 2, 2025, the President issued Executive Order 14257, 90 Fed. Reg. 15,041 ("Reciprocal Tariff Order"), *Regulating Imports with a Reciprocal Tariff to Rectify Trade Practices that Contribute to Large and Persistent Annual United States Goods Trade Deficits*.[3] The Reciprocal Tariff Order imposed a 10 percent baseline tariff on nearly all imports to the United States, effective April 5, and additional "reciprocal" tariffs on 57 countries, effective April 9. *Id.*, at Annex I. These higher country-specific tariffs range from 11 percent to 50 percent. *Id.*

19. The President subsequently modified the Reciprocal Tariff Order.[4]

20. On July 30, 2025, the President issued Executive Order 14323, 90 Fed. Reg. 37739, *Addressing Threats to the United States by the Government of Brazil*, imposing an additional *ad valorem* duty rate of 40 percent on certain products of Brazil.

21. On August 6, 2025, the President issued Executive Order 14329, 90 Fed. Reg. 38701, *Addressing Threats to the United States by the Government of the Russian Federation*, imposing an additional *ad valorem* duty rate of 25 percent on certain products of India.

22. Through these executive orders, Defendants directed changes to the Harmonized Tariff Schedule of the United States ("HTSUS"), requiring goods subject to the challenged tariffs

---

[2] Exec. Order No. 14200, *Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9277 (Feb. 11, 2025); Exec. Order No. 14228, *Further Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 11,463 (Mar. 7, 2025).

[3] Exec. Order No. 14257, *Regulating Imports With a Reciprocal Tariff To Rectify Trade Practices That Contribute to Large and Persistent Annual United States Goods Trade Deficits*, 90 Fed. Reg. 15,041 (Apr. 7, 2025).

[4] Exec. Order No. 14259, *Amendment to Reciprocal Tariffs and Updated Duties As Applied to Low-Value Imports from the People's Republic of China*, 90 Fed. Reg. 15,509 (Apr. 14, 2025); Exec. Order No. 14266, *Modifying Reciprocal Tariff Rates To Reflect Trading-Partner Retaliation and Alignment*, 90 Fed. Reg. 15,625 (Apr. 15, 2025).

to be entered under new tariff codes.

23. On April 14, 2025, several companies filed an action in this Court challenging the legality of these tariff orders. *See V.O.S. Selections*, No. 25-cv-00066 (Dkt. 2). This Court held the orders were unlawful and the Federal Circuit, sitting *en banc*, affirmed. The Federal Circuit's decision was, in turn, affirmed by the Supreme Court on February 20, 2026.

24. The President, invoking IEEPA, has issued additional executive orders imposing additional IEEPA duties and modifying others. As explained below, IEEPA does not authorize the President to impose tariffs. By this complaint, Plaintiffs challenge those orders (the "IEEPA Tariff Orders") that affect the duty rates on goods imported from countries with whom Plaintiffs do business and regarding which Plaintiffs have paid IEEPA duties (thus causing Plaintiffs injury), and which the Supreme Court already has held are unlawful.

**II. CBP's Implementation of the IEEPA Tariff Orders**

25. CBP is charged with the assessment and collection of duties. 19 U.S.C. §§ 1500, 1502.

26. When goods enter the United States, CBP is responsible for assessing and collecting any tariffs, including IEEPA duties, on the imported goods based upon the tariff classification of the goods, according to the rates established by the HTSUS. 19 U.S.C. §§ 1202, 1500, 1502.

27. "'Liquidation' means the final computation or ascertainment of duties on entries for consumption or drawback entries." 19 C.F.R. § 159.1. Once the final amount of duty is determined by CBP, CBP "liquidates" the entry and notifies the importer of record as to whether the importer owes more money or is entitled to a refund. 19 U.S.C. § 1500.

28. Once liquidation has occurred, an importer of record has 180 days after liquidation to file a protest contesting the liquidation and any other CBP decisions encompassed therein. 19

U.S.C. § 1514(a).[5] CBP can also voluntarily reliquidate an entry within 90 days of liquidation. *See* 19 U.S.C. § 1501.

29. In *AGS Co. Automotive Sol. v. U.S. Customs and Border Protection, et. al.*, No. 25-00255 (Ct. Int'l Trade Dec. 15, 2025) ("*AGS*"), a three-judge panel of this Court confirmed the authority of this Court to reliquidate entries subject to IEEPA duties. In a related action, the government has represented that it "will not object to the Court reliquidating any of plaintiffs' entries subject to IEEPA duties that are found to be unlawful." *Princess Awesome, LLC v. U.S. Customs and Border Protection, et. al.*, No. 25-078, ECF No. 16 at 12 n.4 (Ct. Int'l Trade May 23, 2025). In a third action, *Strato Technology Solutions, LLC v. United States et al,* No. 25-322, ECF No. 14 at 4 (Ct. Int'l Trade), the Government represented that "defendants have made very clear—both in this case and in related cases—that they will not object to the Court ordering reliquidation of plaintiffs' entries subject to the challenged IEEPA duties if such duties are found to be unlawful."

## III. The Supreme Court Has Held that IEEPA Duties Are Unlawful

30. The IEEPA Tariff Orders reference IEEPA, 50 U.S.C. § 1701 *et seq*., the National Emergencies Act, 50 U.S.C. § 1601 *et seq*., section 604 of the Trade Act of 1974, as amended, 19 U.S.C. § 2483, and 3 U.S.C. § 301 for authority to impose tariffs.

31. None of these statutes authorizes the President to impose tariffs. Of these, Defendants have relied solely on the IEEPA statute to impose and collect IEEPA duties.

32. On May 28, 2025, a three-judge panel of this Court granted summary judgment to the plaintiffs in *V.O.S. Selections,* holding that IEEPA did not authorize assessment of IEEPA

[5] CBP's liquidation of entries is normally a protestable decision unless it acts in a ministerial capacity, such as when it liquidates antidumping or countervailing duties. *See Mitsubishi Elecs. Am. v. United States*, 44 F.3d 973, 977 (Fed. Cir. 1994).

duties. This Court permanently enjoined the government from enforcing IEEPA duties at issue in that case.

33. On appeal, the Federal Circuit stayed this Court's decision. Sitting *en banc*, the Federal Circuit issued its decision on August 29, 2025, affirming this Court's decision that IEEPA duties are unlawful. *See V.O.S. Selections*.

34. In a separate lawsuit filed by a different group of importers, the U.S. District Court for the District of Columbia held that IEEPA does not authorize tariffs of any sort. *See Learning Resources*. That decision was appealed to the Court of Appeals for the D.C. Circuit, but before the D.C. Circuit held argument, the United States Supreme Court granted certiorari in both *V.O.S. Selections* and *Learning Resources*, and consolidated the cases.

35. On February 20, 2026, the Supreme Court issued its opinion in both cases, holding that "IEEPA does not authorize the President to impose tariffs." *Learning Resources*, slip op. at 20.

## IV. Continuing Litigation and Refund Process Updates After Supreme Court Decision

36. On April 20, 2026, CBP launched the first phase of its Consolidated Administration and Processing of Entries ("CAPE") system in its Automated Commercial Environment aimed to process refunds of certain categories of unliquidated and liquidated entries. On June 29, 2026, CBP launched the second phase of CAPE, which accepted additional categories of entries for refund processing. CBP has indicated that it intends to expand the categories of entries accepted in CAPE for refunds in future phases, including on entries for which liquidation is final.[6]

[6] For example, in its IEEPA Duty Refunds website, CBP provides that it is working toward expanding functionality for additional types of entries in subsequent phases of CAPE, including, for example, entries "for which liquidation is final." *See* CBP website, *International Emergency Economic Powers Act (IEEPA) Duty Refunds,* available at https://www.cbp.gov/trade/programs-

37. On July 15, 2026, this Court issued an order, in a related action, stating its intention that, "In connection with the anticipated launch of CAPE Phase 3, development of which is ongoing, the court will enter an order that directs Customs to liquidate certain finally liquidated entries in accordance with a procedure that will be outlined in the order" and that the "order will be entered in each of the approximately 3,700 IEEPA cases assigned to the court." *Euro-Notions Florida, Inc. v. U.S. Customs and Border Protection, et. al.,* No. 25-595, ECF No. 46 at 2 (Ct. Int'l Trade July 15, 2026).

38. Also on July 15, 2026, this Court issued an order in *Princess Awesome, LLC,* ordering CBP to reliquidate, without IEEPA duties, any and all of the plaintiffs' entries that have been liquidated for more than 80 days and on which plaintiffs made estimated deposits pursuant to IEEPA. ECF No. 25.

39. The Court has begun to issue reliquidation orders in additional cases. *See, e.g., Luxury Brands Holdings Inc. v. United States*, No. 26-219, ECF No. 10 (Ct. Int'l Trade July 21, 2026). In the reliquidation orders, this Court states that, "At various points and in various proceedings, the Government has represented that it will refund estimated IEEPA duty deposits to Plaintiffs that challenge the duties in court." *Princess Awesome, LLC*, ECF No. 25 at 2. The Court explains that, "To date, it has been the Government's position that a court order directing the reliquidation of entries, whose liquidation has become final, would be necessary to provide the Government with the authority to reliquidate these finally liquidated entries and thus to provide complete relief to Plaintiffs in the cases." ECF No. 25 at 2. Based on the Government's representations, the Court is issuing reliquidation orders to "provide{} the Government with that legal authority." ECF No. 25 at 2.

---

administration/trade-remedies/ieepa-duty-refunds (last visited July 21, 2026).

40. The developments in court following the Supreme Court's decision invalidating IEEPA tariffs indicate that a reliquidation order from this Court is necessary to obtain refunds of finally liquidated entries. In particular, the Court's July 15 announcement that it would issue individual reliquidation orders in each of the 3,700 filed cases, and the fact that it has begun issuing orders now necessitates the filing of the instant Complaint by Plaintiffs. There is no distinction between the claims raised in the 3,700 filed cases and the claims raised by Plaintiffs here.

**V. Plaintiffs Paid IEEPA Duties**

41. Plaintiffs' imports subject to IEEPA duties entered the United States under new HTSUS codes implemented and administered by CBP.

42. As of the date of this Complaint, Plaintiffs have paid IEEPA duties imposed by the IEEPA Tariff Orders.

## STATEMENT OF CLAIMS

43. Plaintiffs incorporate paragraphs 1-42 above by reference.

44. In *Learning Resources*, the Supreme Court held that "IEEPA does not authorize the President to impose tariffs." *Learning Resources, Inc. v. Trump*, No. 24-1287, slip op. at 20 (U.S. Feb. 20, 2026), and therefore the challenged Tariff Orders are *ultra vires*.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court issue an order directing that:

a) CBP shall reliquidate with no assessment of IEEPA duties any of Plaintiffs' entries that, as of the date of the Order, have been previously liquidated with an assessment of IEEPA duties;

b) For any of Plaintiffs' entries that are unliquidated as of the date of this order, CBP shall liquidate such entries with no assessment of IEEPA duties; and

c) Defendants shall refund to Plaintiffs any IEEPA duties collected from Plaintiffs, with interest as provided by law.

Respectfully submitted,

*/s/ Lian Yang*

Jason Waite
Lian Yang
Elio Gonzalez
Henry Smith
Eric Xie

ALSTON & BIRD LLP
950 F Street, NW
Washington, DC 20004
Lian.Yang@alston.com
202-239-3490

*Counsel for Plaintiffs*

November 5, 2026